IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

NYKERIA DOWELL,                        )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        Case No. 3:23-cv-33-ECM-SMD
                                       )
SAUGAHATCHEE COUNTRY CLUB,             )
*et al.*,                              )
                                       )
        Defendants.                    )

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Nykeria Dowell, proceeding *pro se*, filed this employment discrimination action on January 12, 2023. After reviewing the complaint (Doc. 1) and finding deficiencies with this pleading, the undersigned determined that Dowell should be provided an opportunity to file an amended complaint to correct the deficiencies. Then, the undersigned entered an order on August 11, 2023, explaining the deficiencies in the complaint and providing Dowell with specific instructions on how to file an amended complaint that complied with the Federal Rules of Civil Procedure. Order (Doc. 8). Dowell was cautioned that her failure to comply with the undersigned's order would result in a Recommendation that this case be dismissed. Order (Doc. 8) p. 6. Dowell did not file an amended complaint within the time frame set forth in the August 11 order.

On October 25, 2023, the undersigned ordered Dowell to show cause why her complaint should not be dismissed for failure to prosecute. Order (Doc. 9). In the alternative, the undersigned ordered Dowell to file an amended complaint that complies

with the undersigned's August 11 order. *Id.* To date, Dowell has not filed an amended complaint as directed or otherwise complied with either the August 11 or October 25 orders, and the time for doing so has passed. Dowell has not filed anything in her case other than her initial complaint, nor has she indicated a desire to prosecute this matter further.

Because of Dowell's failure to comply with the court's orders, the undersigned concludes that this case should be dismissed without prejudice for failure to prosecute and abide by court orders. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before December 1, 2023. A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 17th day of November, 2023.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE